

# NUMBER 13-22-00032-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SHOZO TANAKA,                                                **Appellant,**

**v.**

THE STATE OF TEXAS,                                         **Appellee.**

## On appeal from the 426th District Court
## of Bell County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa

Appellant Shozo Tanaka appeals his conviction of two counts of aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B). Tanaka pleaded guilty to both counts on September 21, 2021. On November 30, 2021, after considering a victim impact statement, a pre-sentence investigative report, and

punishment evidence, the trial court sentenced Tanaka to life in prison in the Texas Department of Criminal Justice, Correctional Institutions Division on each count.

Tanaka appealed. Tanaka's court-appointed counsel, however, has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.[1]

## I. *ANDERS* BRIEF

In his brief, Tanaka's counsel states that he has diligently reviewed the entire record and has found no non-frivolous grounds for appeal. *See id*. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), Tanaka's counsel carefully discussed why, under controlling authority, there is no reversible error

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts); 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

in the trial court's judgment. Counsel has informed this Court in writing that he has: (1) notified Tanaka that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided Tanaka with copies of both pleadings; (3) informed Tanaka of his rights to file a pro se response,[2] review the record preparatory to filing that response, and seek discretionary review if the court of appeals concludes that the appeal is frivolous; and (4) provided Tanaka with a form motion for pro se access to the appellate record, lacking only Tanaka's signature and the date and including the mailing address for the court of appeals, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–19; *see also In re Schulman*, 252 S.W.3d at 409 n.23. An adequate amount of time has passed, and Tanaka has not filed a pro se response.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of

---

[2] "[T]he pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Tanaka's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) (citations omitted))). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Tanaka and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[3] No substitute counsel will be appointed. Should Tanaka wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

## IV. Conclusion

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Delivered and filed on the
9th day of June, 2022.